UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PULL-BUOY, INC.,
      a Michigan corporation,

        Plaintiff,

      v.

PRO SPORTS, INC. d/b/a
CHAMPION SPORTS, INC.
      a New Jersey corporation,
and NASCO HOLDINGS, INC.
      a Wisconsin corporation

      Defendants.

_____/

Case No.  15-10358
Hon.

***JURY TRIAL DEMANDED***

Andrew M. Grove (P48868)
Emily J. Tait (P74708)
Honigman Miller Schwartz and Cohn LLP
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5048
Tel:   248-566-8300
Fax:   248-566-8315
jgrove@honigman.com
etait@honigman.com

*Attorneys for Plaintiff Pull-Buoy, Inc.*

_____/

**COMPLAINT**

Plaintiff PULL-BUOY, INC., ("Pull-Buoy") by its undersigned attorneys,

for its Complaint against defendants PRO SPORTS, INC. d/b/a CHAMPION

SPORTS, INC. and NASCO HOLDINGS, INC. (collectively, "Defendants" or each individually, a "Defendant") alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for patent infringement arising out of Defendants' infringement of U.S. Patent No. 7,213,819 ("the '819 patent") in violation of the patent laws of the United States, 35 U.S.C. §§ 271 and 281-285.

## THE PARTIES

2.    Plaintiff PULL-BUOY, INC., INC. is a Michigan Corporation with a principal place of business at 6515 Cotter Avenue, Sterling Heights, MI 48314.

3.    Upon information and belief, Defendant PRO SPORTS, INC. d/b/a CHAMPION SPORTS, INC. is a New Jersey corporation with a principal place of business at 1 Champion Way, Marlboro, NJ 07746.

4.    Upon information and belief, Defendant NASCO HOLDINGS, INC. is a Wisconsin corporation with a principal place of business at 901 Janesville, Fort Atkinson, WI 53538.

## JURISDICTION AND VENUE

5.    This action arises under the patent laws of the United States, Title 35 of the United States Code ("the Patent Statute").

2

6.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.    Upon information and belief, this Court has personal jurisdiction over Defendants because Defendants have placed their infringing products into the stream of commerce knowing and intending that this judicial district was and is a likely destination of those products, has caused injury to Plaintiff in this judicial district, and has committed acts of infringement in this judicial district.

8.    Both Defendants send catalogs into this district offering infringing products for sale.

9.    Both Defendants have dealers who service the Michigan market.

10.   This practice has resulted in infringement, including sales of infringing products in this district, and consequent injury to Pull-Buoy.

11.   Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## COUNT I – Direct Patent Infringement

12.   The United States Patent and Trademark Office ("PTO") duly and legally issued the '819 patent, entitled "GYM SCOOTER," to Pull-Buoy, Inc. on May 8, 2007. A true and correct copy of the '819 patent is attached to the Complaint as Exhibit A.

3

13.    Pull-Buoy, Inc. is the owner of the '819 patent, and its ownership is duly reflected in the assignment records of the PTO.

14.    The '819 patent covers new and improved gym scooters of the type disclosed and claimed in the patent.

15.    The Defendants have each infringed, and are still infringing the '819 patent by making, using, importing, selling, and offering to sell gym scooters that embody the patented invention, and the Defendants will continue to do so unless enjoined by the Court.

16.    Defendant Champion uses, sells, offers to sell, and imports the scooter shown in its catalog, and these scooters embody the invention as reflected in the claims of the '819 patent.  A copy of example pages of the catalog is attached as Exhibit B.  Here is an image of an example of an infringing scooter from the catalog:



17.    Defendant Nasco uses, sells, offers to sell, and imports the scooter shown in its website, and these scooters embody the invention as reflected in the claims of the '819 patent.   A copy of example pages of the website is attached as Exhibit C.  Here is an image of one example of the infringing scooter from the website:



18.    On information and belief, the Defendants are obtaining the same infringing scooters from a source in Taiwan.

19.    The infringement of each defendant is willful.

20.    Each Defendant competes with Pull-Buoy in the sale of scooters to schools for physical education.

21.    Each Defendant has known of the patented Pull-Buoy scooter for several years.

22.   Each Defendant has seen one of the patented Pull-Buoy scooters, and each defendant has seen the patent markings on the scooters.

23.   Pull-Buoy's scooters are marked with at least the parent patent to the '819 patent, where the parent patent is U.S. Patent 6,561,530 ("the '530 patent").

24.   Each Defendant is aware of U.S. Patent 8,523,204, a patent that illustrates and purportedly covers the accused infringing scooters; and this patent references Pull-Buoy's scooter patents, including the '819 patent and the '530 patent.

25.   Each Defendant sold infringing scooters despite an objectively high likelihood that its actions constituted infringement of a valid patent.

26.   Each Defendant had knowledge of the '819 patent, and of the infringement, no later than the time of filing of this Complaint.

27.   Pull-Buoy is being irreparably harmed by the infringement.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Pull-Buoy respectfully requests that this Court enter a judgment and order that:

A.   Defendants have each infringed the '819 patent;

B.   Defendants' infringement of the '819 patent has been willful and deliberate;

C.      Defendants and their officers, agents, representatives, employees and all others in concert or participation with them, directly or indirectly, be enjoined preliminarily and permanently from infringing, inducing others to infringe and contributing to the infringement of the '819 patent;

D.      Plaintiff Pull-Buoy be awarded damages adequate to compensate for Defendants' infringement of the '819 patent together with pre-judgment interest pursuant to 35 U.S.C. § 284;

E.      Plaintiff Pull-Buoy be awarded treble damage, costs and reasonable attorneys' fees and expenses in this action in accordance with 35 U.S.C, §§ 284 and 285; and

F.      Plaintiff Pull-Buoy be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

By: s/Andrew M. Grove
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Andrew M. Grove (P48868)
Emily J. Tait (P74708)
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
Tel:   248-566-8300
Fax:   248-566-8315
jgrove@honigman.com
etait@honigman.com
*Attorneys for Plaintiff Pull-Buoy, Inc.*

Date: January 27, 2015

7

## JURY DEMAND

Plaintiff Pull-Buoy, Inc. hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

By: s/Andrew M. Grove
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Andrew M. Grove (P48868)
Emily J. Tait (P74708)
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304-5151
Tel:   248-566-8300
Fax:   248-566-8315
jgrove@honigman.com
etait@honigman.com
*Attorneys for Plaintiff Pull-Buoy, Inc.*

Date: January 27, 2015

8